UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-20226-CR-COOKE/BROWN

UNITED STATES OF AMERICA,
                Plaintiff.
v.

MYNOR ROLANDO HERRERA AGUILAR,
                Defendant.
_____/

## MOTION TO DISMISS AND INCORPORATED

## MEMORANDUM OF LAW

**COMES NOW**, Mynor Rolando Herrera Aguilar, by and through his undersigned counsel, and files this, his *Motion to Dismiss* the Indictment in this cause, and grounds therefore would state as follows:

1. Defendant Aguilar has been charged in a two (2) count Indictment in violation of Title 46 U.S.C. App. §1903(a) and Title 21 U.S.C. §960 (b)(1)(B). More specifically, while on board a vessel subject to the jurisdiction of the United States, the defendant is alleged to have conspired to possess with intent to distribute over five (5) kilograms or more of a mixture and substance containing a detectable amount of

cocaine. The Defendant is charged in the second count of the indictment with a substantive count of possessing with intent to distribute over five (5) kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States.

2. On March 25, 2006, Mynor Rolando Herrera Aguilar, a Guatemalan national and Guillermo Sanchez-Salazar, an Ecuadorean national, were aboard the M/V Dan Viking along with other crew members (all charged in the instant Indictment), on the" high seas", approximately 115 miles off the coast of Honduras when the vessel was boarded by the United States Coast Guard.

3. The United States Coast Guard made contact with the crew of the M/V Dan Viking initially over the ships radio. A crew member communicated that Panama was the Flag State of the M/V Dan Viking.

4. According to the "Certification For The Maritime Drug Law Enforcement Act" authored by Commander Mark A Cawthorn, Coast Guard Liaison Officer to the Bureau of International Narcotics and law Enforcement Affairs, U.S. State Department, and in accordance with the *Arrangement Between the Government of the Republic of Panama for Support and Assistance from the United States Coast Guard for the National Maritime Service of the Ministry of Government of Ministry and Justice, as amended (the "Arrangement") and the Supplementary Arrangement*

*between the Government of the United States of America and the Government of the Republic of Panama (the "Supplementary Arrangement")* it was confirmed that Panama was the Flag State of the vessel Dan Viking. Furthermore, according to this same document, a Panamanian Government Official subsequently granted authority for the United States of America to stop, board , and search the vessel.

    5. The Coast Guard then proceeded to board the M/V Dan Viking and search said vessel from bow to stern. After searching the vessel for approximately 16 hours the coast guard recovered approximately 104 bales and 4 extra kilograms of cocaine, weighing approximately 2800 kilograms.

    6. In accordance with *Article 11 of the Supplementary Arrangement*, U.S. authorities notified Panamanian Authorities that cocaine had been discovered on board the M/V Dan Viking and requested that the Government of Panama consent or waive objection to the enforcement of U.S. law by the U.S. over the M/V Dan Viking, its cargo, and all persons on board. Panamanian Authorities purportedly thereafter notified the U.S. consenting to the enforcement of U.S. law over the M/V Dan Viking, its cargo and crew.

    7. The government has supplied undersigned counsel and his predecessor with an initial discovery response and five (5) supplemental responses. None of the

government's discovery responses specifically state the following: (1) who from the Panamanian Government issued a "statement of no objection" or consented to the U.S. Coast Guard stopping, boarding, searching and ultimately enforcing U.S. law on the M/V Dan Viking, (2) what U.S. official received this confirmation, (3) chronologically, when was this communication received and (4) what form of communication was utilized to convey this information.

8. The Government seeks to justify proper subject matter jurisdiction under Title 46 U.S.C. §1903 by claiming that the Panamanian Government consented to the stopping, boarding, arrest and ultimate prosecution of the occupants aboard this vessel.

9. Based upon the fact that the government has yet to provide undersigned defense counsel with competent proof that the Panamanian Government consented to the stopping, boarding, arrest and ultimate enforcement of U.S. law, the Defendant would respectfully submit that this Court is without jurisdiction to entertain the Indictment brought by the Government against Defendant Aguilar and others.

10. Accordingly this indictment should be dismissed for lack of subject matter jurisdiction.

## **MEMORANDUM OF LAW**

The Maritime Drug Enforcement Act (MDLEA) (46 U.S.C. App. 1903(f)), states that the "Jurisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense . All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." Therefore, jurisdiction is not an element of the crime requiring that the jury be instructed on the issue. See U.S. v. Rendon, C.A. 11th 2003, 354 F.3d 1320, 1327, certtiorari denied 124 S.Ct. 2110, 541 U.S. 1035, 158 L.Ed.2d 720.

In order to comply with 46 U.S.C. App. §1903(c)(1)(C), the Government must prove beyond a reasonable doubt that the Panamanian Government consented to or waived objection to the enforcement of United States law by the United States. See United States v. Shearer, 794 F.2d 1545, 1551 (11th Cir. 1986) (The Government bears the burden of establishing that the statutory requirements of subject matter jurisidiction imposed by MDLEA have been met.)

In the case at bar, none of the Government's discovery submissions contained documentation that stated with specificity how consent was obtained from the Panamanian Government to stop, board, search and ultimately enforce U.S. law on the M/V Dan Viking, its cargo and its crew. The Defendant hereby requests that an order

dismissing this cause for lack of subject matter jurisdiction be entered.

## 10(G) CERTIFICATION

Pursuant to the local rules, counsel has not spoken to Assistant U.S. Attorney Karen Gilbert, but assumes she would object to this motion being granted.

**WHEREFORE** the Defendant respectfully requests this Honorable Court grant his motion and dismiss this cause for lack of subject matter jurisdiction.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to AUSA Karen Gilbert at the U.S. Attorney's Office 99 N.E. 4th St., Miami, Florida and to Gennaro Cariglio Jr., Esq. Attorney for Guillermo Salazar Sanchez, 10800 Biscayne Blvd., Suite 750, Miami, Florida on this 8th day of November 2006.

Respectfully submitted by:

s/Jason W. Kreiss
Jason W. Kreiss, Esq.
Attorney for the Defendant Aguilar
1824 Southeast 4th Avenue
Fort Lauderdale, FL 33316
(954) 525-1971
Florida Bar No.: 0087912
Jkreiss1@aol.com